## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK CHEROTI, Derivatively on Behalf of SERITAGE GROWTH PROPERTIES,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA OLSHAN, ADAM METZ, JOHN GARILLI, MITCHELL SABSHON, JOHN T. MCCLAIN, SHARON OSBERG, ALLISON LAINE THRUSH, TALYA NEVO-HACOHEN, and MARK WILSMANN,<br><br>Defendants,<br><br>SERITAGE GROWTH PROPERTIES,<br><br>Nominal Defendant. | Case No. 1:25-cv-03869 |

## STIPULATION AND ORDER ACCEPTING SERVICE AND STAYING THE ACTION

All parties, by and through their undersigned counsel, hereby agree and stipulate to the following matters:

WHEREAS, on May 8, 2025, Plaintiff Derrick Cheroti ("Plaintiff") filed a verified shareholder derivative complaint (the "Complaint"), on behalf of nominal defendant Seritage Growth Properties ("Seritage" or the "Company"), against defendants Andrea Olshan, Adam Metz, John Garilli, Mitchell Sabshon, John T. McClain, Sharon Osberg, Allison Laine Thrush, Talya Nevo-Hacohen, and Mark Wilsmann (collectively, the "Individual Defendants," and,

together with the Company, "Defendants") alleging breaches of fiduciary duties, unjust

enrichment, waste of corporate assets, and violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Action");

WHEREAS, on May 8, 2025, Plaintiff filed a Related Case Statement stating that there is a related and previously filed putative securities class action pending against Seritage and certain of the Individual Defendants in this Court, titled *Zhengxu He v. Seritage Growth Properties, et al.*, 1:24-cv-05007-VSB (the "Securities Class Action");

WHEREAS, Plaintiff served nominal defendant Seritage with the Complaint on or about August 25, 2025;

WHEREAS, this Action and the Securities Class Action challenge substantially similar alleged conduct and involve overlapping questions of law and fact;

WHEREAS, in the interests of judicial economy, conservation of time and resources, and orderly management of this Action, Plaintiff and Defendants (together, the "Parties") agree that the Action should be stayed pending resolution of the anticipated motion to dismiss the Securities Class Action, subject to the conditions listed below; and

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties hereto, through their undersigned counsel, unless otherwise ordered by the Court, as follows:

1.    By entering into this stipulation, Defendants accept service of the Complaint and expressly reserve (and do not waive) any and all of their respective rights, claims and defenses, including, but not limited to, all defenses relating to jurisdiction, other than a defense as to the sufficiency of service of the Complaint.

2.    The Action is stayed until resolution of the anticipated motion to dismiss in the Securities Class Action (the "Stay") and, within thirty (30) calendar days of a decision on that motion, the Parties will meet and confer and submit a proposed scheduling order to the Court.

3.    Defendants shall promptly notify Plaintiff of any related derivative actions or threatened derivative actions (including demands under Sections 2-512 and 2-513 of the MGCL and litigation demands) that challenge substantially similar conduct as alleged in the Action ("Related Derivative Actions").

4.    Defendants shall promptly notify Plaintiff if a Related Derivative Action is not stayed for a similar or longer duration than the Action.

5.    Plaintiff has the option to terminate the Stay if a Related Derivative Action is not stayed for a similar or longer duration than the Action or on the same or similar terms as this Stay, by giving fourteen (14) days' notice to counsel for Defendants via email.

6.    During the Stay, Defendants shall promptly produce to Plaintiff any documents produced in a Related Derivative Action, subject to a reasonable confidentiality agreement or protective order that permits Plaintiff to use the documents in the Action.

7.    Defendants shall include Plaintiff in any mediation and in any formal settlement talks between the parties in the Securities Class Action and any Related Derivative Actions.

8.    During the pendency of the Stay, Plaintiff may amend his complaint, but Defendants, without waiving any defenses or objections, are not required to answer, move against, or otherwise respond to any complaints in the Action until such time as a response is due pursuant to the proposed schedule described in Paragraph 1 above, unless otherwise ordered by the Court.

9.    This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Action.

IN WITNESS WHEREOF, the Parties, through their undersigned counsel, have executed this stipulation and Order as of this 28th day of August, 2025.

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Erica Stone
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
philkim@rosenlegal.com
estone@rosenlegal.com

*Counsel for Plaintiff*

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**

Scott B. Luftglass
Samuel P. Groner
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
scott.luftglass@friedfrank.com
samuel.groner@friedfrank.com

*Counsel for Defendants Andrea Olshan, Adam Metz, John Garilli, Mitchell Sabshon, John T. McClain, Sharon Osberg, Allison Laine Thrush, Talya Nevo-Hacohen, and Mark Wilsmann and Nominal Defendant Seritage Growth Properties*

4

**SO ORDERED THIS 2ND DAY OF SEPTEMBER, 2025**

_____
VERNON S. BRODERICK
United States District Judge